ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CHAD LEON SAYERS<br><br>　　　　　　Defendant. | CASE NO: 2:21-cr-00229<br><br>MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND TO SET A NEW TRIAL DATE<br><br>Judge David Sam |

　　　　The United States of America, by and through the undersigned Assistant United States Attorney, moves this court for an order that excludes time from the Speedy Trial Act calculation and that sets a new trial date for June 2022. Defendant Sayers is not in custody.

### BACKGROUND

　　　　This case was set for trial on August 30, 2021. The triggering date for Speedy Trial Act purposes is June 22, 2021, the date of arraignment/initial appearance.

　　　　Beginning on March 13, 2020, the court entered numerous general orders dealing with court operations during the COVID-19 pandemic and suspending jury selection and jury trials. *E.g.*, D. Ut. General Orders 20-008, 20-009, 20-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001 (incorporated herein by reference). The orders contained facts about the state of the COVID-19

health crisis, including the procedural and practical challenges to seating a jury in the midst of the pandemic, and the Utah Governor's Stay Safe, Stay Home directive. By court order, time was excluded from the speedy trial calculation pursuant to the ends of justice exclusion under 18 U.S.C. § 3161(h)(7)(A). For example, in April 2020, the court explained:

> An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [*United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).] The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through June 15, 2020, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public. In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court is experiencing significant restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial. Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials. Moreover, the health risks associated with trial are acute. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

D. Ut. General Order 20-012 at 3-4. The order further stated that "[j]udges are encouraged to enter speedy trial orders in the cases over which they preside." *Id.* at 5.

Similar orders were entered until March 16, 2021, when the court announced it was moving to Phase II of its phased reopening plan, effective April 1, 2021. D. Ut. General Order 21-003. The

Order explained that a limited number of continuous, consecutive, criminal jury trials would take place, beginning on April 29, 2021, and time would be excluded under the Speedy Trial Act. *Id.* at 4, 6-7.

> The Court explained:
>
> The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. Notwithstanding that the number of vaccinated Utahns is rapidly increasing and new daily cases of COVID-19 in Utah are consistently falling in recent months, we remain in the midst of the most serious global pandemic in over a century. Globally, nearly 120 million people have been infected, and more than 2,600,000 have died from the disease. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. State and federal courts are only now beginning to carefully move towards safely reopening.
>
> The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government. Among other things, the CDC strongly recommends that all Americans avoid close contact with others (*i.e.,* being within six feet) and wear cloth face coverings in public or when around others. These and other measures are in response to increased concerns about the extent of asymptomatic transmission of the virus and the potential for the virus to spread through mere conversations or breathing, in addition to airborne transmission through coughing or sneezing.
>
> There are nationwide now over 29 million confirmed cases of Americans infected with COVID-19, resulting in over 530,000 deaths. Utah has now confirmed nearly 400,000 cases, resulting in over 15,000 hospitalizations and more than 2,000 deaths. COVID-19 test positivity rates in Utah remain above levels necessary to reduce community spread. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states. Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction of variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. While the personal safety of the court community and those we serve remains the Court's top priority, conditions have improved to a point that the Court finds those safety concerns can be adequately protected while simultaneously expanding access to mission critical judicial functions with [certain] limitations[.]

*Id.* at 3-4.

The Court continued criminal trials through June 30, 2021, and explained:

3

**Speedy Trial Act:** For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, and 21-001, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between April 1, 2021, through June 30, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through June 30, 2021 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court now concludes it is possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a

criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 6-7.

On June 30, 2021, the court issued another General Order keeping the District of Utah in Phase II of its reopening plan. D. Ut. Order 21-007. The order stated:

> The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. The number of Utahns receiving vaccines is falling even as daily cases of COVID-19 in Utah are increasing. Utah and the nation remain in the midst of the most serious global pandemic in over a century. Globally, it is estimated that more than 180 million people have been infected, and nearly 4,000,000 have died from the disease. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. State and federal courts are beginning to carefully move towards safely reopening as conditions in different regions of the country permit.
>
> The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.
>
> There are nationwide now over 33 million confirmed cases of Americans infected with COVID-19, resulting in over 600,000 deaths. Utah has now confirmed more than 400,000 cases, resulting in over 17,000 hospitalizations and approximately 2,300 deaths. COVID-19 test positivity rates in Utah remain above levels necessary to reduce community spread, and infection rates are climbing. Crucially, the Delta COVID variant is quickly spreading in Utah. The state has been trending in recent weeks towards greater infection and more serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states, and daily vaccine administrations are steadily dropping.
>
> Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. While the personal safety of the court community and those we serve remains the Court's top priority, conditions remain at a point that the Court finds those safety concerns can be adequately managed while simultaneously maintaining access to mission critical judicial functions with the limitations previously imposed and further described below.
>
> After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures

outlined in General Orders 20-029, 20-030, and 21-001 – the Court will remain in Phase II of its phased reopening plan through July 31, 2021[.]

*Id.* at 3-4.

With respect to criminal jury trials, the court ordered the following:

Criminal Jury Trials: Utilizing the health and safety procedures set forth in the Court's Petit Jury Trial Plan, the Court concludes that conditions continue to safely permit limited jury trials – one trial at a time in the courthouse. The Court will continue to hold consecutive jury trials, prioritizing criminal jury trials as they can be scheduled. The Court will continue to monitor conditions, expecting that conditions will at some point permit the court to simultaneously host more than one petit jury at a time. Additional jury trials will be scheduled accordingly. Questions concerning prospective scheduling of criminal jury trials should be directed to the presiding judge in each case.

*Id.* at 4-5.

The court also ordered time excluded under the Speedy Trial Act:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, and 21-003, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between June 30, 2021, and July 31, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.
Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through July 31, 2021 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on

> access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.
>
> Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court concludes it remains possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.
>
> Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 6-7.

On July 22, 2021, the court issued another General Order keeping the District of Utah in Phase II of its reopening plan. D. Ut. Order 21-009. The order stated:

> The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation. The number of Utahns receiving vaccines is falling even as daily cases of COVID-19 in Utah are increasing. Utah and the nation remain in the midst of the most serious global pandemic in over a century. Globally, it is estimated that more than 190 million people have been infected, and over 4 million have died from the disease. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts.
> The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.
>
> There are nationwide now nearly 34 million confirmed cases of Americans infected with COVID-19, resulting in over 600,000 deaths. And case numbers are rising nationwide in virtually every state. Utah has now confirmed more than 426,000 cases, resulting in over 18,200 hospitalizations and slightly more than 2,400 deaths. COVID-19 test positivity rates in Utah remain above levels necessary to reduce community spread, and infection rates are climbing. Crucially, the Delta COVID variant is quickly spreading in Utah. The state has been trending in recent weeks towards greater infection and more serious disease, particularly

among those who are not vaccinated. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states, and daily vaccine administrations are steadily dropping.

Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. While the personal safety of the court community and those we serve remains the Court's top priority, conditions remain at a point that the Court finds those safety concerns can be adequately managed while simultaneously maintaining access to mission critical judicial functions with the limitations previously imposed and further described below.

After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures outlined in General Orders 20-029, 20-030, and 21-001 – the Court will remain in Phase II of its phased reopening plan through August 31, 2021[.]

*Id.* at 3-4.

With respect to criminal jury trials, the court ordered the following:

Utilizing the health and safety procedures set forth in the Court's Petit Jury Trial Plan, the Court concludes that conditions continue to safely permit limited jury trials – one trial at a time in the courthouse. The Court will continue to hold consecutive jury trials, prioritizing criminal jury trials as they can be scheduled. The Court will continue to monitor conditions, expecting that conditions will at some point permit the court to simultaneously host more than one petit jury at a time. Additional jury trials will be scheduled accordingly. Questions concerning prospective scheduling of criminal jury trials should be directed to the presiding judge in each case.

*Id.* at 4-5.

The court also ordered time excluded under the Speedy Trial Act:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, and 21-007, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic, the period of time between July 31, 2021, and August 31, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary

8

and appropriate in the District of Utah at this time.  Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through August 31, 2021 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.  The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah.  Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.  Utilizing the Court's Petit Jury Trial Plan, the Court concludes it remains possible to safely host only one jury trial at a time in space available in the courthouse.  Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court.  Video and audio conferencing, used for hearings, are not available for criminal jury trials.  Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 6-7.

**DISCUSSION**

Here, the time between today's date, and the new trial date should be excluded from the Speedy Trial Act for the reasons set forth in Order 21-009, as well as for the additional reasons set forth below.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The time between today, and the new trial date should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A).

General Order 21-009, set forth above, explained the difficulties associated with conducting more than one trial at a time during the COVID-19 pandemic, and the United States requests that the court now make the necessary individualized findings in this case. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure generally cannot be harmless. *Id.* at 509.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its

10

reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

As General Order 21-009 reflects, the ends of justice amply justify excludable time here. Pandemic, like natural disaster or other emergency, grants a court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (volcanic eruption). Here, failure to continue this case will likely make its completion impossible due to public-health risks and concerns. In addition to concerns for prospective jurors' health and the ability of the Court to obtain—and maintain—an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- The trial involves witnesses with high-risk factors. Specifically some of the witnesses are senior citizens who are retired and whose age makes them at higher risk of COVID related complications.
- This trial involves witnesses who must travel, putting themselves and others at risk.
- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.
- Discovery is extensive and the case is complex. The backlog of cases from through the COVID pandemic has restricted counsels' ability to devote the time necessary to prepare for trial.

In addition, due to the restrictions imposed by current public-health concerns particularly given the complexity of this case it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. This is the first continuance in this matter. Plea and motion deadlines should also be extended.

Opposing counsel DOES NOT object to this motion.

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. § 3161(h)(7)(A) and schedule a new trial date for June 2022.

DATED this 13th day of August, 2021.

                                          ANDREA T. MARTINEZ
                                          ACTING UNITED STATES ATTORNEY

                                          */s/Ruth Hackford-Peer*
                                          RUTH HACKFORD-PEER
                                          Assistant United States Attorney