ANREA T. MARTINEZ, United States Attorney (#9313)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
JAMIE THOMAS, Assistant United States Attorney (#9420)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800 • Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD LEON SAYERS<br><br>Defendant. | CASE NO: 2:21-cr-00229 DS<br><br>MOTION FOR A NO-CONTACT ORDER<br><br>Judge David Sam |

Counsel for the United States moves the Court for an order preventing contact between Defendant CHAD LEON SAYERS ("Mr. Sayers") and United States witnesses whom the United States intends to call at trial. At the initial appearance, the United States sought a no-contact order as a condition of Mr. Sayers' pretrial release. Magistrate Judge Oberg ordered counsel to work together to create a list of individuals Mr. Sayers should not contact.

The United States provided defense counsel with a list of over 600 individuals (largely financial victims) that Mr. Sayers should not contact. Defense agreed that Mr. Sayers would not contact the vast majority of the listed individuals but sought non-case related contact for approximately 30 individuals. The parties largely agreed on the list. *See Exhibit 1*. There are 5 individuals that Mr. Sayers desires to have non case related contact with. These individuals are

expected to be witnesses for the United States at trial and the United States seeks to limit all contact between these individuals and Mr. Sayers.  The individuals are:

>  Alicia De Leon
>  Randy Poole
>  Roger Yack
>  Tim Williams
>  Barbara and James (Jim) Hawkins

According to defense, Poole is identified as a close friend workmate. Yack is identified as a close friend. Williams is identified as a business contact and Hawkins is identified as a business associate. Mr. Sayers has identified his relationship as friendship or business, but he should not have any ongoing "business" related to SAYGUS.

These individuals were investors or employees at SAYGUS and all are expected to testify at trial. Roger Yack was the President of SAYGUS. Tim Williams was the CFO of SAYGUS. Randy Poole and Alicia De Leon were sales agents who sold unregistered securities on behalf of SAYGUS.  Mr. and Ms. Hawkins are elderly victims who made multiple investments and continued to invest through the end of the enterprise. Sayers has been promising to repay Hawkins for year, but never has – and Mr. Hawkins has been foolishly re-investing right up to the end.

No contact orders are standard conditions of supervised release. Section 3563(b)(6) provides courts with the authority to restrict defendants' contact with their victims. *See* 18 U.S.C. § 3563(b)(6) (providing that courts may court order that the defendant "refrain from … associating unnecessarily with specified persons."); This is true in the pre-trial context as well. *U.S. v. Tolutau*, 2012 WL 113819 (Dist. Utah Jan. 13, 2012) (victims)(unpublished); *U.S. v. Sanchez*, 2020 WL 3499217, (D. NM June 29, 2020) (victims, witnesses, and co-defendants) (unpublished).

Finally, Mr. Sayers has made multiple "lulling" statements. He insisted for years that his "smartphone" was days to weeks away from launching. His lulling statements kept investors quiet for years and the United States is concerned that Mr. Sayers is continuing to make additional lulling statements, including promising to pay them back their SAYGUS investment through his new endeavor – VMED, a medical phone case. These are not representations that are grounded in reality. Moreover, Mr. Sayers is not supposed to be directly or indirectly seeking investments, acting as a fiduciary, or opening any additional lines of credit. With SAYGUS now defunct, Mr. Sayers has no legitimate reason to contact any of these individuals.

SAYGUS is a defunct company that has no business operations. As part of his pretrial supervision, Mr. Sayers is precluded from opening additional lines of credit, being a fiduciary, or being involved in fundraising and seeking investments. The United States does not see any legitimate reason that he should be in contact with these witnesses until trial, which is scheduled for June 2022.

To that end, the United States seeks an order precluding Mr. Sayers from having contact with any individuals identified on Exhibit 1, with the exception of the individuals identified as "non case related contact permitted." Further, the United States requests the order specifically identify Roger Yack, Randy Poole, Alicia De Leon, Barbara and James Hawkins, and Tim Williams as individuals Mr. Sayers should not have any contact with until trial.

DATED this 19th day of October, 2021

        ANDREA T. MARTINEZ
        Acting United States Attorney

        */s/ Ruth Hackford-Peer*
        RUTH HACKFORD-PEER
        Assistant United States Attorney