SCOTT KEITH WILSON, Federal Public Defender (#7347)
ROBERT K. HUNT, Assistant Federal Public Defender (#5722)
KRISTEN R. ANGELOS, Assistant Federal Public Defender (#8314)
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Email: Robert_Hunt@fd.org
Email: Kris_Angelos@fd.org

---

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DEFENDANT'S MOTION TO CONTINUE JURY TRIAL** |
| Plaintiff, | |
| vs. | |
| CHAD LEON SAYERS, | Case No. 2:21-cr-00229 DS |
| Defendant. | |

Defendant, Chad Leon Sayers, through undersigned counsel, Robert K. Hunt and Kristen R. Angelos, respectfully moves to continue his 7-day jury trial to February 6, 2023, and exclude time under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161.

### FACTUAL BACKGROUND

On May 26, 2021, a grand jury returned an indictment against Mr. Sayer charging him with Securities Fraud, Wire Fraud and Money Laundering. The Court arraigned Mr.

Sayer on June 22, 2021, and scheduled trial for August 30, 2021, which was within the 70-day time period of the Speedy Trial Act.

Defendant has moved to continue trial pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice). This is the second request to continue trial in this matter.

Against the backdrop of Mr. Sayer's case, the country has been wrestling the outbreak of the Coronavirus Disease (COVID-19) Delta variant. On March 16, 2020, Chief Judge Robert Shelby issued General Order No. 20-009 in response to the outbreak, continuing all criminal jury trials pending further order of the Court. Through successive General Orders, Chief Judge Shelby vacated all jury trials through April 2021.

On April 29, 2021, pursuant to General Order No. 21-003, the courthouse began continuous, consecutive jury trials, one at a time in the courthouse. Most recently, the Court entered General Order No. 21-015 on October 27, 2021, extending Phase II of the Court's phased reopening plan through January 31, 2022. Chief Judge Shelby ordered that the time between April 1, 2021 and January 31, 2022, was to be excluded from speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7)(A). Judge Shelby recognized that an "ends of justice" exclusion under the Speedy Trial Act "is disfavored and 'meant to be a rarely used tool for those cases demanding more flexible treatment.'" Nevertheless, Judge Shelby concluded that an "ends of justice" finding was necessary and appropriate in the District of Utah given the ongoing health emergency arising from the COVID-19 pandemic and the continued necessary modifications to court practices to protect public health. General Order No. 21-003 at 6.

2

## **ARGUMENT**

Mr. Sayer moves to continue under 18 U.S.C. § 3161(h)(7).   The time requested is reasonable and excludable under the Speedy Trial Act.

The defense asks the Court to adopt the factual findings in General Orders 21-003, 21-007, 21-009, 21-012 and 21-015.   As Judge Shelby noted in the General Order:

> [I]n-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial. Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court now concludes it is possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

*Id.* at 6-7.

The new General Orders 22-004, 22-005, and 22-006 are the latest court orders on this topic.

Defense counsel believes that a continuance is appropriate.   First, as a result of the COVID pandemic, defense counsel has been unable to proceed with investigation on this matter, specifically, defense counsel has been unable to

3

interview a number of witnesses out-of-state because of COVID concerns.    It has only been within the last month that defense counsel has begun to meet with out-of-state witnesses to begin to prepare a defense.    The additional time should be sufficient to accomplish the tasks referenced above and that said time should be excluded from the speedy trial calculation.

Additionally, as a result of COVID and previous court orders, defense counsel now has a significant number of trials set to go that are within weeks of each other, all needing interviews of witnesses, and trial preparation. In order to effectively represent each client, and more importantly Mr. Sayers, defense counsel needs additional time to address Mr. Sayers' case.

Mr. Sayer is not custody. Counsel has conferred with him and explained the need for the continuance, and he agrees that the defense will not be hindered or prejudiced by the delay.

There are no other defendants in this case.

A failure to continue trial under these circumstances would result in a miscarriage of justice[1] and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due

---

[1] 18 U.S.C. § 3161(h)(7)(B)(i).

4

diligence.[2]   Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.[3]

## **CONCLUSION**

For these reasons, Mr. Sayer moves to continue trial a date to February 6, 2023. The ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a trial as currently set; therefore, the time requested is excludable under 18 U.S.C. § 3161(h)(7).

DATED this 6th day of June, 2022.


*/s/ Kristen R. Angelos*
KRISTEN R. ANGELOS
Assistant Federal Public Defender

---

[2] *Id.* § 3161(h)(7)(B)(iv).
[3] *Id.* § 3161(h)(7)(A).

5