IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD LEON SAYERS,<br><br>Defendant. | ORDER TO CONTINUE JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 2:21-cr-00229 DS |

Based on Mr. Sayers' Motion to Continue Jury Trial, and for good cause appearing, the Court makes the following findings:

1. Mr. Sayers appeared on June 22, 2021, for an arraignment on the indictment. His jury trial was scheduled for August 30, 2021, which was within the 70-day time period of the Speedy Trial Act.

2. Defendant has moved to continue trial pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice). This is the second request to continue trial in this matter.

3. The length of delay request to February 6, 2023.

4. The Court hereby incorporates all the findings and conclusions of Chief Judge Shelby's General Orders into this Order and reaffirms the grave public health concerns presented by COVID-19 continue to exist.

5. Although the current phase of the court's phased reopening plan allows for criminal jury trials to resume, they are limited to one trial at a time in the courthouse to ensure the safety of the participants. The court has triaged all pending criminal cases

awaiting trial and has scheduled trials in a manner to ensure uninterrupted use of the special proceedings courtroom for the foreseeable future. Although the court has determined that it possesses the capacity to safely conduct trials, that capacity is limited to one trial at a time in the courthouse. There remains a significantly reduced ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in courtroom for more than one trial at a time. These conditions impact Defendant's right to a fair trial. While significant efforts have been expended to determine how to empanel a jury, conduct a trial, and arrange jury deliberations, with due regard for health and safety, it is not possible presently to do so in more than one courtroom at a time. Video and audio conferencing, used for hearings, lack sufficient capabilities for trials at this time. The need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.

6. The Motion cited extensively to the COVID-19 pandemic which is currently largely abated. New General Orders 22-004, 22-005, and 22-006 are the latest court orders on this topic.

7. The facts that support the continuance are: First, as a result of the COVID pandemic, defense counsel has been unable to proceed with investigation on this matter, specifically, defense counsel has been unable to interview a number of witnesses out-of-state because of COVID concerns. It has only been within the last month that defense counsel has begun to meet with out-of-state witnesses to

begin to prepare a defense. The additional time should be sufficient to accomplish the tasks referenced above and that said time should be excluded from the speedy trial calculation.

8. Additionally, as a result of COVID and previous court orders, defense counsel now has a significant number of trials set to go that are within weeks of each other, all needing interviews of witnesses, and trial preparation. In order to effectively represent each client, and more importantly Mr. Sayers, defense counsel needs additional time to address Mr. Sayers' case.

9. Mr. Sayers is not in custody. Counsel has conferred with him and explained the need for the continuance, and he agrees that the defense will not be hindered or prejudiced by the delay.

10. There are no other defendants in this case.

11. This continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Based on the foregoing findings, the court concludes that failure to grant a continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.

THEREFORE, IT IS HEREBY ORDERED that the 7-day jury trial previously scheduled to begin June 6, 2022, is continued to the 6th day of February, 2023. The time

between the filing of Defense's Motion to Continue, June 6, 2022, and the new trial date of February 6, 2023, set forth above is excluded from speedy trial calculation for good cause.

Dated this 6th day of June, 2022.

BY THE COURT:

*David Sam*

_____
DAVID SAM
Senior Judge
United States District Court