TRINA A. HIGGINS, United States Attorney (#7349)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CHAD LEON SAYERS, Defendant. | Case No. 2:21-CR-229 STIPULATED MOTION AND PROPOSED ORDER TO CONTINUE TRIAL DATE AND EXCLUDE TIME FROM SPEEDY TRIAL ACT COMPUTATION District Court Judge David Sam |

The parties request that the Court VACATE the trial currently scheduled for February 6, 2023, schedule a new trial date no sooner than 90 days from the date of previously scheduled trial; and toll the speedy trial clock until the new trial date. In support of this motion, the parties submit the following:

1. Mr. Sayers was charged on May 26, 2021, by way of Indictment with Securities Fraud, Wire Fraud, and Money Laundering.

2. On June 22, 2021, Mr. Sayers appeared for arraignment, the date triggering the Speedy Trial Act.

3. Approximately fifty-two (52) days have passed under the Speedy Trial clock.

4. This is the third continuance motion filed in the case.

5.	Rudy Bautista substituted in as lead counsel in November 2023.

6.	Mr. Sayers was indicted on new fraud charges on December 7, 2022, in case number 2:22-cr-480. That case is scheduled for a 3-day jury trial on March 14, 2023, before Judge Howard C. Nielson Jr.

7.	The defendant seeks a continuance and tolling of the speedy trial calculation on a number of bases.

8.	The Speedy Trial Act mandates the exclusion of periods of delay in computing the time where delay results "from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government." 18 U.S.C. § 3161(h)(1)(G). This exception applies in this case because defense has expressed interest in a potential guilty plea resolution and the Court must then have time to consider any proposed plea to be entered by the defendant. The delay is warranted and excludable from the time computation given the need to consider a proposed resolution.

9.	The United States has provided a significant amount of discovery in both the original fraud case and in the new case. The discovery materials consist of numerous pages of documents from multifarious sources. The indictment alleges the defendant engaged in a complex scheme and artifice to defraud. Given the voluminous amount of discovery and the nature of the prosecution, this matter should be deemed complex in that it would be unreasonable to expect the parties to be ready for trial in 70 days. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Because of the sheer quantity and complexity of the records, they cannot be reviewed within the time limitations of 18 U.S.C. § 3161. Thus, the case is complex as defined in 18 U.S.C. § 3161 and the delay is excludable under the Speedy Trial Act.

10.	The defendant and new defense counsel still needs additional time to cull through

the records and to conduct its own analysis of the alleged criminal conduct. The defense also needs additional time to conduct interviews of witnesses.

11.  Failure to grant the requested motion to continue would deny Mr. Sayers reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the parties agree that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

12.  Mr. Sayers will not be prejudiced by the requested continuance in that he is not in custody and agrees that the time between this motion and the newly set trial date should be excluded under the Speedy Trial Act.

13.  Given the potential proposed settlement, the complexity of the case, the voluminous discovery, the ends of justice, and the need for a reasonable time necessary for effective preparation taking into account the exercise of due diligence, the parties request that the trial currently scheduled for February 6, 2023 and all deadlines, including the deadline for motions, be vacated and rescheduled no sooner than 90 days from the date of previously scheduled trial.

Respectfully submitted,

TRINA A. HIGGINS
UNITED STATES ATTORNEY

*/s/ Jacob J. Strain*
JACOB J. STRAIN
Assistant United States Attorney