IN THE UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHAD LEON SAYERS,<br><br>Defendant. | Case No. 2:21-CR-229<br><br>[PROPOSED]<br>ORDER TO CONTINUE TRIAL DATE AND EXCLUDE TIME FROM SPEEDY TRIAL ACT COMPUTATION<br><br>District Court Judge David Sam |

The Court, having considered the representations of the parties regarding the proposed plea, complexity of the case, and the voluminous discovery, as well as the stipulations by defense counsel, and for good cause appearing, the Court makes the following findings:

1. Mr. Sayers was charged on May 26, 2021, by way of Indictment with Securities Fraud, Wire Fraud, and Money Laundering.

2. On June 22, 2021, Mr. Sayers appeared for arraignment, the date triggering the Speedy Trial Act.

3. Approximately fifty-two (52) days have passed under the Speedy Trial clock.

4. This is the third continuance motion filed in the case.

5. Rudy Bautista substituted in as lead counsel in November 2023.

6. Mr. Sayers was indicted on new fraud charges on December 7, 2022, in case number 2:22-cr-480. That case is scheduled for a 3-day jury trial on March 14, 2023, before Judge Howard C. Nielson Jr.

7. The defendant seeks a continuance and tolling of the speedy trial calculation on a number of bases.

8. The Speedy Trial Act mandates the exclusion of periods of delay in computing the time where delay results "from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government." 18 U.S.C. § 3161(h)(1)(G). This exception applies in this case because defense has expressed interest in a potential guilty plea resolution and the Court must then have time to consider any proposed plea to be entered by the defendant. The delay is warranted and excludable from the time computation given the need to consider a proposed resolution.

9. The United States has provided a significant amount of discovery in both the original fraud case and in the new case. The discovery materials consist of numerous pages of documents from multifarious sources. The indictment alleges the defendant engaged in a complex scheme and artifice to defraud. Given the voluminous amount of discovery and the nature of the prosecution, this matter should be deemed complex in that it would be unreasonable to expect the parties to be ready for trial in 70 days. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Because of the sheer quantity and complexity of the records, they cannot be reviewed within the time limitations of 18 U.S.C. § 3161. Thus, the case is complex as defined in 18 U.S.C. § 3161 and the delay is excludable under the Speedy Trial Act.

10. The defendant and new defense counsel still needs additional time to cull through the records and to conduct its own analysis of the alleged criminal conduct. The defense also needs additional time to conduct interviews of witnesses.

11. Failure to grant the requested motion to continue would deny Mr. Sayers reasonable

time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the parties agree that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

12.     Mr. Sayers will not be prejudiced by the requested continuance in that he is not in custody and agrees that the time between this motion and the newly set trial date should be excluded under the Speedy Trial Act.

13.     Given the potential proposed settlement, the complexity of the case, the voluminous discovery, the ends of justice, and the need for a reasonable time necessary for effective preparation taking into account the exercise of due diligence, the parties request that the trial currently scheduled for February 6, 2023 and all deadlines, including the deadline for motions, be vacated and rescheduled no sooner than 90 days from the date of previously scheduled trial.

Based on the foregoing findings, **IT IS HEREBY ORDERED**:

1.     The ends of justice are best served by scheduling a trial 90 days from the date of previously scheduled trial and tolling the speedy trial clock until that time. Such a tolling outweighs the interests of the public and the defendant to a speedy trial.

2.     Accordingly, all delay between the stipulated motion to continue and the newly scheduled trial date shall be excluded from any computation under the Speedy Trial Act pursuant to 18 U.S.C. §3161(h)(7)(A).

3.     Additionally, the Court finds it must consider any proposed plea to be entered by the defendant and requires time, which the Court finds excludable, to properly consider any

proposal pursuant to 18 U.S.C. § 3161(h)(1)(G).

4. The Court also finds that the case is complex as to qualify for the exclusion of time under 18 U.S.C. § 3161(h)(7)(B)(ii).

5. Finally, the Court finds that under 18 U.S.C. § 3161(h)(7)(B)(iv) that failure to grant the requested continuance would deny the parties reasonable time necessary for effective preparation taking into account the exercise of due diligence.

6. Failure to grant this continuance would result in a miscarriage of justice and prevent a fair trial. The Court has carefully balanced the need for the public and the defendants to have a speedy trial against the need for a fair trial and adequate preparation and finds that the scales tip in favor of granting a continuance.

7. Accordingly, the trial date scheduled for February 6, 2023 is hereby VACATED; and the time between the stipulated motion to continue and the new trial date of _____ is excluded from speedy trial computation for good cause.

DATED this _____ day of January, 2023.

BY THE COURT:

_____
DAVID SAM
U.S. District Court Judge