IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>CHAD LEON SAYERS,<br><br>        Defendant. | **ORDER TO CONTINUE JURY TRIAL**<br><br><br><br>Case No. 2:21-cr-00229<br><br>Judge David Sam |

Based on the defendant's Motion to Continue Jury Trial, in the above-entitled case, under DUCrimR 12-1(I) and for good cause appearing, the court makes the following findings:

## **FACTUAL BACKGROUND**

On May 26, 2021, a grand jury returned an Indictment against Mr. Sayers charging him with Securities Fraud, Wire Fraud and Money Laundering.   The Court arraigned Mr. Sayers on June 22, 2021, and scheduled his original trial for August 30, 2021, which was within the 70-day time-period.   Since that time, Ms. Sayers has had four continuances in the matter with his current trial setting set for October 2, 2023.   Defense counsel was recently re-appointed to this matter on July 25, 2023.

Defendant seeks a continuance under 18 U.S.C. §3161(h)(7)(B)(iv).   Defendant alleges that the continuance is necessary because not granting the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

## ARGUMENT

Undersigned counsel was appointed on July 25, 2023.   Counsel is currently in the process of receiving discovery from Mr. Sayers prior counsel.   Although counsel was initially appointed to Mr. Sayers' matter, and is somewhat familiar with the criminal matter, it has been over eight months since counsel has reviewed the case.   As such, additional time is required in order to receive discovery, review discovery, and begin to again investigate Mr. Sayers' matter.   This is a complex criminal matter with an anticipated number of witnesses and exhibits, some of whom, if counsel remembers correctly, reside outside the state of Utah.   The complexity of the criminal matter is supported by the 12-day jury setting.   It is anticipated that, if after investigation, Mr. Sayers determines that he would like to proceed to trial, defense counsel will need additional time to prepare for trial.

Moreover, additional time is required to re-establish an attorney-client relationship where Mr. Sayers trusts defense counsel.

Additionally, Mr. Sayers is currently incarcerated and housed in Pahrump, Nevada, making communications to prepare for trial difficult.   It is anticipated that defense counsel will have to travel to Nevada numerous times to meet with Mr. Sayers to discuss this matter and prepare for trial.

Finally, Ms. Angelos is scheduled to be out of town September 20, 2023, through October 15, 2023. Ms. Angelos also has a complex fraud trial beginning on November 13, 2023.

The length of delay requested delay is 120 days.

Counsel has conferred with Mr. Sayers and explained the need for the continuance, and he agrees that the defense will not be hindered or prejudiced by the delay.

Counsel for the United States, Ruth Hackford Peer and Jacob Strain, have been contacted and do not oppose a continuance.

There are no other defendants in this case.

Based on the foregoing findings, the court grants the motion and will exclude the period of delay under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).   Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.

THEREFORE, the 12-day jury trial previously scheduled to begin on October 2, 2023, is hereby continued to the  30th  day of   January  , 2024, at 8:30 a.m. Accordingly, the time between the filing of the Motion, August 15, 2023, and the new trial date set forth above, January 30, 2024 , is excluded from computation under the Speedy Trial Act.

DATED this   15th  day of August, 2023.

_____
DAVID SAM
UNITED STATES DISTRICT COURT JUDGE