IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHAD LEON SAYERS,<br><br>    Defendant. | ORDER RE: PREPARATION OF JURY INSTRUCTIONS, VERDICT FORM, PREPARATION OF PRETRIAL MOTIONS AND REQUESTS FOR VOIR DIRE EXAMINATIONS<br><br><br>Case No. 2:21CR229DS |

    This matter is set for trial January 30, 2024. The court will hold a final pretrial conference on December 18, 2023 at 9:00am. Counsel are directed to be prepared to discuss the contents of this order and any other pretrial, trial and scheduling issues at that conference. This order shall supplement DUCrimR 12-1 and 30-1, and shall, in all cases, be followed unless otherwise ordered by the court.

**<u>JURY INSTRUCTIONS</u>**

    All proposed jury instructions, except preliminary instructions, are required to be filed and served by January 16, 2024, except for an isolated one or two instructions whose need could not have been foreseen. The court has adopted its own standard preliminary jury instructions and certain stock post trial jury instructions, copies of which have been provided to counsel. The court, unless it orders otherwise, will give its standard preliminary instructions to the jury at the

commencement of the trial. Proposed final jury instructions are to be submitted according to the following procedure:

    (a)    The parties are required to jointly submit one set of agreed upon final instructions. To this end, the parties are required to serve their proposed instructions upon each other three weeks prior to trial. The parties should then meet, confer and submit one complete set of agreed upon instructions, which should include the court's stock post trial jury instructions where applicable.

    (b)    If the parties cannot agree upon one complete set of final instructions, they are required to submit one set of those instructions that have been agreed upon, and each party should submit a supplemental set of instructions which are not agreed upon.

    (c)    It is not enough for the parties to merely agree upon the general instructions, and then each submit their own set of substantive instructions. The parties are expected to meet, confer, and agree upon the substantive instructions for the case.

    (d)    These joint instructions and supplemental instructions must be filed by January 16, 2024. Each party should then file by January 16, 2024, its objections to the non-agreed upon instructions proposed by the other party. Any and all objections shall be in writing and shall set forth the proposed instruction in its entirety. The objection should then specifically set forth, or highlight, the objectionable material in the proposed instruction. The objection shall contain citation to authority explaining why the instruction is improper and a concise statement of argument concerning the instruction. Where applicable, the objecting party shall submit an alternative instruction covering the subject or principle of law.

    (e)    The parties are required to submit the proposed joint set of instructions and proposed supplemental instructions in the following format:

        (i)    There must be two copies of each instruction;

        (ii)    The first copy should indicate the number of the proposed instruction, and the authority supporting the instruction; and

        (iii)    The second copy should contain <u>only</u> the proposed instruction-- there should be no other marks or writings on the second copy except for a heading reading "Instruction No. ___" with the number left blank.

        (iv)    Counsel should submit hard copies of the instructions as indicated above as well as electronically filed or emailed copies consistent with the

electronic filing requirements of the court.  Electronic or emailed copies should be in a format which the court can edit.

(f)     On the day of trial, the parties may submit a concise written argument supporting the appropriateness of each party's proposed instructions to which the other party objected.

(g)     All instructions should be short, concise, understandable, and <u>neutral</u> statements of law.  Argumentative or formula instructions are improper, will not be given, and should not be submitted.

(h)     Any modifications of instructions from statutory authority, Devitt and Blackmar, or any other form instructions must specifically state the modification made to the original form instruction and the authority supporting the modification.

### **SPECIAL VERDICT FORM**

Any proposed special verdict form is also required to be filed and served by January 23, 2024.  Where relevant, the procedure outlined in (a)-(h) above will also apply to special verdict forms.

### **PRETRIAL MOTIONS**

All pretrial motions are to be filed with the court by December 4, 2023, unless otherwise ordered by the court.

### **REQUESTS FOR VOIR DIRE EXAMINATION**

Any special request for voir dire examination of the jury panel regarding the prospective jurors' qualifications to sit, including changes to the specific questions to be put before prospective jurors, which the court will provide to counsel, shall be submitted in writing to the court and served upon the opposing party by January 9th, 2024, unless the court's examination furnishes grounds for additional inquiry.  Where relevant, the procedure outlined in (a)-(h) above will also apply to requests for voir dire examination.

Failure to comply with this Order may subject the non-complying party and/or its attorneys to sanctions.

The Clerk of the Court shall serve copies of this Order on counsel for the parties in this matter.

IT IS SO ORDERED.

Dated this 20th day of October, 2023

BY THE COURT:

*David Sam*

_____
DAVID SAM
Senior Judge
United States District Court