IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD LEON SAYERS,<br><br>Defendant. | ORDER TO<br>CONTINUE JURY TRIAL<br><br><br><br>Case No. 2:21-cr-00229<br><br>Judge David Sam |

Based on the defendant's Joint Motion to Continue Jury Trial, in the above-entitled case, under DUCrimR 12-1(I) and for good cause appearing, the court makes the following findings:

**FACTUAL BACKGROUND**

On May 26, 2021, a grand jury returned an indictment against Mr. Sayers charging him with Securities Fraud, Wire Fraud and Money Laundering. The Court arraigned Mr. Sayers on June 22, 2021, and scheduled his original trial for August 30, 2021, which was within the 70-day time-period. Since that time, Ms. Sayers has had five continuances in the matter with his current trial setting set for January 30, 2024. Defense counsel was re-appointed to this matter on July 25, 2023, shortly thereafter requesting the fifth continuance in this matter.

Defendant seeks a 90-day continuance under 18 U.S.C. §3161(h)(7)(B)(iv). Defendant alleges that the continuance is necessary because not granting the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

## **ARGUMENT**

Undersigned counsel was appointed on July 25, 2023. Defense counsel is still currently in the process of reviewing discovery. Although defense counsel was initially appointed to Mr. Sayers' matter, and is familiar with the criminal matter, defense counsel has had to invest some time to review the case and prior actions taken. Because of the significant discovery in the case (the business began in 2006) additional time is required to receive discovery, review discovery, and begin to again investigate Mr. Sayers' matter. This is a complex criminal matter with over 250 investor witnesses, some of whom, reside outside the state of Utah. The complexity of the criminal matter is supported by the 12-day jury setting. It is anticipated that, if after investigation, Mr. Sayers determines that he would like to proceed to trial, defense counsel will need additional time to prepare for trial.

Moreover, defense counsel needs time to re-establish an attorney-client relationship where Mr. Sayers trusts defense counsel.  Mr. Sayer is currently being housed in Pahrump, Nevada. Although defense counsel has been able to meet with Mr. Sayers in person once, most communications are by Zoom. Although the parties can discuss matters by Zoom, it is extremely difficult to try and work through exhibits by Zoom and it is anticipated that defense counsel will have to make several trips to Nevada to meet with Mr. Sayers and prepare for trial.

Finally, defense counsel currently has a complex fraud trial scheduled to begin on January 5, 2024, another one scheduled for January 29, 2024, one scheduled for February 26, 2024, and March 4, 2024. As such an April or May 2024 trial setting is requested.

Counsel has conferred with Mr. Sayers and explained the need for the continuance, and he agrees that the defense will not be hindered or prejudiced by the delay.

There are no other defendants in this case.

Based on the foregoing findings, the court grants the joint motion and will exclude the period of delay under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).   Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.

THEREFORE, the 12-day jury trial previously scheduled to begin on January 30, 2023, is hereby continued to the ____ day of _____, 2024, at 8:30 a.m. Accordingly, the time between the filing of the Motion, November 22, 2023, and the new trial date set forth above, Click here to enter a date , is excluded from computation under the Speedy Trial Act.

DATED this ___ day of November, 2023.

_____
DAVID SAM
UNITED STATES DISTRICT COURT JUDGE