TRINA A. HIGGINS, United States Attorney (#7349)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD LEON SAYERS,<br><br>Defendant. | Case No. 2:21-CR-229<br><br>JOINT MOTION TO CONTINUE JURY TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL CLOCK<br><br>Judge David Sam |

On December 11, 2023, the Court held a status conference using Zoom in the above captioned case. All parties were present. At the hearing, the Court tolled the speedy trial act and continued the trial in this matter until August 13, 2024. The parties in the above captioned case now jointly move this Court to pursuant to 18 U.S.C. § 3161, *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and DUCrimR 12-1(b)(1)-(8) to enter an order continuing the jury trial until August 13, 2024 and that the time be excluded from the Speedy Trial clock for the reasons stated herein.

The United States also requests that the Court issue a trial order in the case.

1

1. On May 26, 2021, defendant Sayers was charged by way of Indictment with Securities Fraud, Wire Fraud, and Money Laundering.

2. On June 22, 2021, defendant Sayers appeared for an Arraignment. At the Arraignment Magistrate Judge Oberg released the defendant pending trial. A seven-day jury trial was set for August 2021 before Judge David Sam. However, a 12-day trial was necessary.

3. On December 7, 2022, defendant Sayers was charged by way of Indictment with Wire Fraud and Contempt of Court in case number 2:22cr480, assigned to Judge Nielson. That matter proceeded to trial in April 2023.

4. On August 13, 2021, the Court set a jury trial for June 6, 2022 and excluded time until that date.

5. On June 7, 2022, the Court set a jury trial for February 6, 2024 and excluded time under the Speedy Trial Act until that date.

6. On December 1, 2023, Wendy Lewis and Kathryn Nester appeared as counsel in this matter.

7. The parties now move for another continuance until August 13, 2024.

8. A total of approximately fifty-three (53) days have passed under the Speedy Trial clock.

9. The parties seek this continuance and tolling of the speedy trial calculation on a number of bases.

10. First, this is a massive fraud case. The indictment alleges that Mr. Sayers stole $10 million for approximately 300 people over the course of five years. Accordingly, the United States has provided gigabytes of processed discovery. The discovery materials consist of numerous pages

2

of documents from multifarious sources. The indictment alleges the defendant engaged in a complex scheme and artifice to defraud investors. Given the voluminous amount of discovery and the nature of the prosecution, this matter should be deemed complex in that it would be unreasonable to expect the parties to be ready for trial in 70 days. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Because of the sheer quantity and complexity of the records, they cannot be reviewed within the time limitations of 18 U.S.C. § 3161. Thus, the case is complex as defined in 18 U.S.C. § 3161 and the delay is excludable under the Speedy Trial Act.

11. The defense still needs additional time to review discovery, interview witnesses, and prepare for trial. Despite due diligence, these efforts have been hindered by a recent change in counsel. Current counsel has been on this case for only two weeks.

12. Thus, the ends of justice are best served by this continuance because to proceed as scheduled would unreasonably deny the parties "continuity of counsel," thereby undermining the best interest of the public. 18 U.S.C. § 3161(h)(7)(B)(iv).

13. The Speedy Trial Act permits the Court to determine whether the ends of justice are served by a continuance, which must outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S. Code § 3161(h)(7)(A). Here, the defendant will not be prejudiced because while he is in custody, he is awaiting sentencing on a different matter, and the requested delay is reasonable under the circumstances.

14. Moreover, failure to grant the requested motion to continue would deny Mr. Sayers reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the parties agree that the ends of justice served

by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

15.     Accordingly, after the Court carefully balances the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the ends of justice are clearly best served by the granting a continuance until August 13, 2024.

Respectfully Submitted,

TRINA A. HIGGINS
United States Attorney

RUTH HACKFORD-PEER
Assistant United States Attorney

4