IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHAD LEON SAYERS,<br><br>　　　　　　　Defendant. | Case No. 2:21-CR-229<br><br>[PROPOSED]<br>ORDER TO CONTINUE JURY TRIAL AND EXCLUDE TIME FROM THE SPEEDY TRIAL ACT COMPUTATION<br><br>Judge David Sam |

　　　　The Court, having considered the representations of the parties, and for good cause appearing, the Court makes the following findings:

　　　　1.　　On May 26, 2021, defendant Sayers was charged by way of Indictment with Securities Fraud, Wire Fraud, and Money Laundering.

　　　　2.　　On June 22, 2021, defendant Sayers appeared for an Arraignment. At the Arraignment Magistrate Judge Oberg released the defendant pending trial. A seven-day jury trial was set for August 2021 before Judge David Sam.

　　　　3.　　On December 7, 2022, defendant Sayers was charged by way of Indictment with Wire Fraud and Contempt of Court in case number 2:22cr480, assigned to Judge Nielson. That matter proceeded to trial in April 2023.

　　　　4.　　On August 13, 2021, the Court set this matter for trial on June 6, 2022 and excluded time until that date.

5. On June 7, 2022, the Court set a jury trial for February 6, 2024 and excluded time under the Speedy Trial Act until that date.

6. On December 1, 2023, Wendy Lewis and Kathryn Nester appeared as counsel for the defendant for the first time.

7. The Court held a status conference in this matter on December 11, 2023, set the trial for August 13, 2024, tolled the Speedy Trial Act, and made the following findings in this case:

8. A total of approximately fifty-two (53) days have passed under the Speedy Trial clock.

9. The parties seek this final continuance and tolling of the speedy trial calculation on a number of bases.

10. First, this is a massive fraud case. The indictment alleges that Mr. Sayers stole $10 million from approximately 300 people over the course of five years. Accordingly, the United States has provided gigabytes of processed discovery. The discovery materials consist of numerous pages of documents from multifarious sources. The indictment alleges the defendant engaged in a complex scheme and artifice to defraud investors. Given the voluminous amount of discovery and the nature of the prosecution, this matter should be deemed complex in that it would be unreasonable to expect the parties to be ready for trial in 70 days. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Because of the sheer quantity and complexity of the records, they cannot be reviewed within the time limitations of 18 U.S.C. § 3161. Thus, the case is complex as defined in 18 U.S.C. § 3161 and the delay is excludable under the Speedy Trial Act.

11. The defense still needs additional time to review discovery, cull through the records and to conduct its own analysis of the alleged criminal conduct. The defense also needs additional

time to conduct interviews of witnesses. Despite due diligence, these efforts have been hindered changes in counsel (Ms. Nester and Ms. Lewis have been on the case only since December 1, 2023).

12. The ends of justice are best served by this continuance because to proceed as scheduled would unreasonably deny the parties "continuity of counsel," thereby undermining the best interest of the public. 18 U.S.C. § 3161(h)(7)(B)(iv).

13. The Speedy Trial Act permits the Court to determine whether the ends of justice are served by a continuance, which must outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S. Code § 3161(h)(7)(A). Here, the defendant will not be prejudiced because, while he is in custody, he is awaiting sentencing on a different matter, and the requested delay is reasonable under the circumstances.

14. Moreover, failure to grant the requested motion to continue would deny Mr. Sayers reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the parties agree that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

15. Accordingly, after the Court carefully balances the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the ends of justice are clearly best served by the granting a continuance until October 2023.

Based on the foregoing findings, **IT IS HEREBY ORDERED**:

16. The ends of justice are best served by granting a continuance until August 13, 2024 and tolling the speedy trial clock until that time. Such a tolling outweighs the interests of the public and the defendant to a speedy trial.

17. Accordingly, all delay between the status conference on December 11, 2023 and the newly scheduled trial date shall be excluded from any computation under the Speedy Trial Act pursuant to 18 U.S.C. §3161(h)(7)(A)-(B).

18. Finally, the Court finds that under 18 U.S.C. § 3161(h)(7)(B)(iv) that failure to grant the requested continuance would deny the defense reasonable time necessary for effective preparation taking into account the exercise of due diligence.

19. Failure to grant this continuance would result in a miscarriage of justice and prevent a fair trial. The Court has carefully balanced the need for the public and the defendants to have a speedy trial against the need for a fair trial and adequate preparation and finds that the scales tip in favor of granting a continuance.

20. Accordingly, the trial date (January 30, 2024) currently scheduled is hereby VACATED; and the time between December 11, 2023 and the new trial date of August 13, 2024 is excluded from speedy trial computation for good cause.

DATED this 14th day of December, 2023.

BY THE COURT:

_____
DAVID SAM
Senior Judge
U.S. District Court