1              IN THE UNITED STATES DISTRICT COURT

2                      DISTRICT OF UTAH

3                      CENTRAL DIVISION

4

5    UNITED STATES OF AMERICA,        )

6              Plaintiff,             )

7    vs.                              )  Case No. 2:21-CR-229-DS

8    CHAD LEON SAYERS,                )

9              Defendant.             )

10   _____ )

11

12

                    BEFORE THE HONORABLE DAVID SAM
13                  ------------------------------

14                       June 10, 2024

15

16                      Change of Plea

17

18

19

20

21

22

23

24

25

```
 1
 2                    A P P E A R A N C E S
 3

 4
                                     RUTH HACKFORD-PEER
 5   For Plaintiff:                  SACHIKO JEPSON
                                     111 South Main Street
 6                                   Suite 1800
                                     Salt Lake City, Utah
 7

 8

 9

10

11

12
                                     WENDY M. LEWIS
13   For Defendant:                  46 West Broadway
                                     Suite 110
14                                   Salt Lake City, Utah

15

16

17

18

19

20

21
                                     Ed Young
22   Court Reporter:                 351 South West Temple
                                     Room 3.302
23                                   Salt Lake City, Utah 84101-2180
                                     801-328-3202
24                                   ed_young@utd.uscourts.gov

25
```

```
 1  June 10, 2024                                    1:00 p.m.

 2                    P R O C E E D I N G S

 3

 4         THE COURT:  Good afternoon, Counsel, and Mr.

 5  Sayers.

 6         MR. SAYERS:  Correct.

 7         THE COURT:  The Court welcomes you to this

 8  important status hearing.  This is case number 21-CR-229,

 9  United States of America versus Chad Leon Sayers, who is

10  present with his counsel, Ms. Wendy Lewis.  The United

11  States is represented by Ms. Ruth Hackford-Peer and Sachiko

12  Jepson, Assistant United States Attorneys.  Thank you very

13  much all of you.

14         Maybe I need from you a report so that I know what

15  the status of this case is.  Do one of you want to start

16  speaking regarding this matter?

17         MS. LEWIS:  Your Honor, we have actually come to a

18  resolution, and Mr. Sayers is prepared to enter into a

19  change of plea today.

20         THE COURT:  Well, that is wonderful.  We do need

21  documentation, though, Counsel.  This is the only matter I

22  have on this afternoon, and I'm willing to stay as long as

23  it may take to resolve this matter.  I appreciate your

24  effort to try to get this matter resolved.

25         MS. HACKFORD-PEER:  Your Honor, we have that
```

1   documentation.  We made a couple of last-minute

2   interlineations, so we don't have a final copy for Your

3   Honor.  We could either get copies or --

4            THE COURT:  Yes.  If you can interlineate or

5   whatever you need to do so that I can read what I need to

6   read.  We can help, too, Counsel.

7            Counsel, if you need help from court staff we're

8   willing to help as well.

9            We need a copy of the indictment from the United

10  States.  Do you have a copy of the indictment?

11           MS. HACKFORD-PEER:  I do not have a copy of the

12  indictment.

13           THE COURT:  Kim can print the indictment.

14           THE CLERK:  I'm just going to print it.

15           MS. LEWIS:  This is the final one, Your Honor.  We

16  have already signed it.  Is that okay?

17           THE COURT:  Sure.

18           But I do need to go through it with Mr. Sayers as

19  I always do on taking pleas.

20           Thank you very much, Counsel.  I really appreciate

21  your effort on this important case.  I am glad to see you

22  getting to a resolution and Mr. Sayers can have this matter

23  resolved.  I remember the last time we were trying to get a

24  firm trial setting, and he was sitting in jail while we were

25  trying to get a trial setting, and that set out and I don't

1   like to have him just sitting there not knowing about

2   getting the matter resolved.  I'm glad that this is being

3   done.

4            MR. SAYERS:  Thank you.

5            THE COURT:  How are you all, Counsel?  It is good

6   to see you.

7            MS. LEWIS:  It is good to see you.

8            THE COURT:  Are you fine?

9            MS. HACKFORD-PEER:  We are doing all right.

10  Judge.

11           THE COURT:  Pardon me?

12           MS. HACKFORD-PEER:  We are doing all right.

13           THE COURT:  I don't know, but, Ms. Jepson, have I

14  had you in my court before?

15           MS. JEPSON:  No, Your Honor.  I have not had the

16  pleasure of appearing before Your Honor before.

17           THE COURT:  Well, it is my pleasure to have you

18  here.  Are you with Ms. Hackford-Peer?

19           MS. JEPSON:  I am, Your Honor.  I am in Ms.

20  Hackford-Peer and Jacob Strain's section at the United

21  States Attorneys Office.  I am a Special Assistant U.S.

22  Attorney.

23           THE COURT:  Wonderful.  Where are you from?

24           MS. JEPSON:  I am from Utah originally, but we

25  have only come back to Utah in the last few years.  I

1    started my practice in D.C.

2              THE COURT:  D.C.  I see.  But you're here now?

3              MS. JEPSON:  We're here now.

4              THE COURT:  That is wonderful.  Welcome.

5              MS. HACKFORD-PEER:  Sachiko won't brag, Your

6    Honor, but I will brag on her behalf.  She clerked for Judge

7    Stewart, and then came over to the office and she does our

8    Social Security crimes in our section as well.

9              THE COURT:  You were with my colleague, Ted

10   Stewart?

11             MS. JEPSON:  That is right, Your Honor.

12             THE COURT:  Were you next door?

13             MS. LEWIS:  I was.  I had a baby while I was

14   clerking for Judge Stewart, and my other kids would come

15   with me often and we stole lots of candy from your chambers.

16             THE COURT:  Wonderful.  I am glad you did that.

17             MS. JEPSON:  I am glad I have the chance to thank

18   you for that.

19             THE COURT:  Counsel, I have, I think, what I need.

20             Mr. Sayers, I am going to go through this

21   statement.  There are certain matters I need to read into

22   the record verbatim to comport with Federal Rule 11 of our

23   Federal Rules of Criminal Procedure.  When I read those

24   portions, I will pause, and when I pause, you may answer by

25   acknowledging and certifying to what I have read.  That is

1    the way we'll get through this statement.

2           I'm going to have you placed under oath so that

3    your answers are responded to under oath.  If you would

4    stand and raise your right hand, please.

5                        CHAD LEON SAYERS

6               Having been duly sworn, was examined

7                    and answered as follows:

8           THE COURT:  Very well.

9           Now, Counsel, you may remain at counsel table if

10   you wish, or if you want to come to the lectern, you can

11   come to the lectern as well.

12          MS. LEWIS:  This is fine.  Thank you, Your Honor.

13          THE COURT:  Very well.

14          Mr. Sayers, your attorney is by you to assist you

15   if there is any matter that you may have a questions about.

16          I'm going to start on page 1 right at the

17   beginning.

18          Mr. Sayers, you hereby acknowledge and certify

19   that you have been advised of and that you understand the

20   following facts and rights and that you have had the

21   assistance of counsel in reviewing, explaining and entering

22   into this agreement.

23          You certify and acknowledge that?

24          MR. SAYERS:  I do.

25          THE COURT:  Very well.

1          Paragraph 1 on the first page, as part of this

2    agreement with the United States of America, you intend to

3    plead guilty to Count III of the indictment.  Your attorney

4    has explained the nature of the charges against you, and you

5    have had an opportunity to discuss the nature of the charges

6    with your attorney.  You understand the charges and what the

7    United States is required to prove in order to convict you.

8          You understand that as well?

9          MR. SAYERS:  Yes.  I am still getting grips, but,

10   yes, I do.

11         THE COURT:  Very well.

12         The elements of Count III, 15 U.S.C. Sections

13   77q(a) and 77x, securities fraud, are, first, in connection

14   with the offer or sale of a security, you employed a device,

15   scheme or artifice to defraud, made untrue statements of

16   material facts, omitted to state material facts which made

17   what was said under the circumstances misleading, or engaged

18   in acts, practices, or courses of business that operated as

19   a fraud or deceit upon purchases.

20         Now we're on the second page.

21         Second, you acted willfully and knowingly and with

22   the intent to defraud.

23         Third, you used means or instruments of

24   transportation or communication in interstate commerce in

25   furtherance of the scheme.

1          You understand that those are the elements which

2    the government must prove beyond a reasonable doubt in order

3    to convict you of the charge.

4          You understand that, sir?

5          MR. SAYERS:  I do.  They don't make sense to me,

6    Your Honor, and I don't understand them exactly, but I do

7    know that what was explained to me -- this definition is

8    something that I did.  I may spend years trying to figure

9    that out.

10          MS. LEWIS:  Your Honor, can I just have the

11   overhead noise for just a moment?

12          THE COURT:  Very well.  Yes, you may have another

13   moment.

14          (Time lapse.)

15          MS. LEWIS:  Thank you, Judge.  We're good.

16          THE COURT:  Very well.

17          Just so Mr. Sayers understands, he can answer very

18   succinctly to the Court, and if he has a question, you may

19   discuss it with counsel and not with the Court.  Very well.

20          Let's go on to number 2.  You know that the

21   maximum possible penalty provided by law for Count III of

22   the indictment, violations of 15 U.S.C. Sections 77q(a) and

23   77x, is a term of imprisonment of five years, a fine of

24   $10,000, a term of supervised release of three years and any

25   applicable forfeiture.  You understand that if you violate a

1  term or condition of supervised release that you can be

2  returned to prison for the length of time provided in 18

3  U.S.C. Section 3583(e)(3).

4          You know and understand that as well?

5          MR. SAYERS:  I do.

6          THE COURT:  Thank you.

7          Now let's go to 2(a) and (b).

8          Additionally, you know that the Court is required

9  to impose an assessment in the amount of $100 for each

10  offense of conviction pursuant to 18 U.S.C. Section 3013.

11          Furthermore, restitution to the victims of your

12  offense may be ordered pursuant to 18 U.S.C. Section 3663.

13          Also, as a condition of supervised release under

14  18 U.S.C. Section 3583(d) and (b), you understand that if

15  you are not a United States citizen you may be removed from

16  the United States, denied citizenship, and denied admission

17  to the United States in the future.

18          You understand that as well, sir?

19          MR. SAYERS:  Yes.

20          THE COURT:  Thank you.

21          Now let's go to paragraph 3.  I'm going to read

22  paragraph 3 in two parts.

23          The first part is you know that the sentencing

24  procedures in this case and the ultimate sentence will be

25  determined pursuant to 18 U.S.C. Section 3553(a) and that

1    the Court must consider but is not bound by the United

2    States sentencing guidelines in determining your sentence,

3    and you have discussed these procedures with your attorney.

4            You know and understand that as well?

5            MR. SAYERS:  Yes.

6            THE COURT:  Very well.

7            Now I'm going to go to the second part of

8    paragraph 3.

9            You also know that the final calculation of your

10   sentence by the Court may differ from any calculation the

11   United States, your attorney, or you may have made, and you

12   will not be able to withdraw your plea if this occurs.

13           However, because your plea of guilty is being

14   entered pursuant to Rule 11(c)(1)(C) as explained below, you

15   know that you will be able to withdraw your plea if the

16   Court does not accept the terms of this agreement.

17           Do you know and understand that as well?

18           MR. SAYERS:  Yes.

19           THE COURT:  Thank you.

20           Now let's drop down to paragraph 6.  Paragraph 6

21   contains the rights that you have pursuant to our

22   Constitution and also our Federal Rules of Criminal

23   Procedure.  Those rights are outlined in paragraphs 6(a)

24   through paragraph 6(i).

25           You understand that you have those rights?

1           MR. SAYERS:  I do.

2           THE COURT:  Thank you.

3           Now let's drop down to paragraph 11.  You

4    stipulate and agree that the following facts accurately

5    describe your conduct.  These facts provide a basis for the

6    Court to accept your guilty plea.

7           You stipulate and agree to that?

8           MR. SAYERS:  Yes.

9           THE COURT:  Thank you.

10          I'm going to read those facts to you, Mr. Sayers,

11   verbatim into the record, and then I'm going to ask you

12   several questions regarding those facts.

13          Beginning in and around 2006 and continuing to

14   around 2020, within the District of Utah and elsewhere, you

15   offered to approximately 300 investors the opportunity to

16   invest money in American SmartPhone, Inc., doing business as

17   Saygus, through promissory notes.

18          The investors deposited funds via wire transfers

19   into Saygus accounts in return for stock ownership in the

20   company.  These promissory notes constituted securities as

21   defined by federal law.  While inducing these investments,

22   you knowingly failed to disclose to investors that you were

23   being sued by prior investors for failing to repay

24   promissory notes as agreed.  You also failed to disclose --

25          MS. LEWIS:  Your Honor --

1          THE COURT:  -- to investors that you were not

2    licensed --

3          MS. LEWIS:  Your Honor, I'm so sorry to interrupt.

4          I just noticed that what we took out in paragraph

5    3 is also in paragraph 2 that you're reading right now, and

6    that needs to also be crossed out right where you are at.

7          THE COURT:  Well, why don't you do that on this

8    document so that I can follow it accurately.

9          MS. LEWIS:  I'm sorry.  I forgot that that was

10   there.

11         THE COURT:  No problem.

12         I want you to initial it, as well as Mr. Sayers,

13   counsel for both the United States and Mr. Sayers, as well

14   as the other change or deletion.  I want everyone to initial

15   that, as well as him, Ms. Lewis.

16         MS. LEWIS:  Thank you.

17         THE COURT:  Thank you very much, Counsel.  I

18   appreciate you catching whatever you need to catch.

19         Mr. Sayers, I'm going to start at the beginning of

20   paragraph 2 of those facts that I read to you, starting with

21   while.  While inducing these investors, you knowingly failed

22   to disclose to investors that you were being sued by prior

23   investors for failing to repay promissory notes as agreed.

24   You admit that this was a material omission which made what

25   was said under the circumstances misleading.

1          You directed the investors to submit their funds

2   to Saygus via interstate commerce.  You knew that the

3   investors were relying upon your representations to them in

4   making their investments and that your representations to

5   them included material omissions.  You raised a total of

6   approximately $10 million.

7          Count III.  Well, let's stop right there.  Let me

8   make sure that I have this correct.

9          Is that Count I, Counsel?

10         MS. HACKFORD-PEER:  No, Your Honor.  That is just

11  the factual recitation.

12         THE COURT:  That is just the factual recitation

13  leading into Count III.

14         Count III.  On November 27, 2018, you caused an

15  investor to transfer $50,000 via a check from Security Bank

16  in Odessa, Texas, to the Saygus J.P. Morgan Chase account in

17  Utah, by willfully and knowingly making material omissions

18  which made what was said misleading under the circumstances.

19         Specifically, you failed to disclose to this

20  inventor that you were being sued by prior investors for

21  failing to repay promissory notes.  You admit that these

22  omissions were material and that you knew they would be

23  relied upon by the investor.

24         Mr. Sayers, did you hear those facts as I read

25  them verbatim into the record?

```
1              MR. SAYERS:  I did.

2              THE COURT:  Did you understand those facts?

3              MR. SAYERS:  I do.

4              THE COURT:  Are they all accurate, true, and

5    correct?

6              MR. SAYERS:  They are.

7              THE COURT:  Very well.  Thank you.

8              Now going to paragraph 12, which is the plea

9    agreement between you and the United States and what you

10   agree to do and what the United States agrees to do.

11             I am going to ask your attorney before proceeding

12   with parts of that agreement, Ms. Lewis, if you have had an

13   opportunity to discuss paragraph 12 and all of the

14   provisions contained in that agreement paragraph by

15   paragraph with your client?

16             MS. LEWIS:  I have, Your Honor.

17             THE COURT:  If he had any questions regarding any

18   of those matters, were his questions answered, to the best

19   of your knowledge, to his satisfaction?

20             MS. LEWIS:  I believe they were.

21             THE COURT:  Is that correct, sir?

22             MR. SAYERS:  Yes.

23             THE COURT:  I'm going to only read that portion of

24   the agreement that pertains to your 11(c)(1)(C) plea

25   agreement.  Starting with the first paragraph under 12, the
```

```
 1    only terms and conditions pertaining to this plea agreement
 2    between you and the United States are as follows:  A, guilty
 3    plea.  You will plead guilty to Count III of the indictment.
 4              Is that your agreement, sir?
 5              MR. SAYERS:  It is.
 6              THE COURT:  Then subparagraph B, stipulated
 7    sentence.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules
 8    of Criminal Procedure, the sentence imposed by the Court
 9    will be 19 to 29 months of imprisonment which you agree is a
10    reasonable sentence.  The Court will retain its discretion
11    and the parties will litigate whether to impose this
12    sentence consecutive to or concurrent with the federal
13    prison sentence that you are currently serving in U.S.
14    versus Chad Leon Sayers, case number 2:22-CR-480.
15    Supervised release shall be 12 months to run concurrent with
16    case number 2:22-CR-480.
17              Is that your agreement, sir?
18              MR. SAYERS:  That is.
19              THE COURT:  Then going to number 1 under what I
20    have just read, you understand this agreement, including
21    your plea and the agreed-upon sentence and all other terms
22    referenced herein, are subject to the approval of and
23    acceptance by the Court.  You further understand that the
24    Court will likely order the preparation of a presentence
25    report to assist in the determination of whether this plea
```

1  and the agreement are appropriate.  You agree to fully

2  cooperate in the preparation of the presentence report.

3        Is that your agreement, sir?

4        MR. SAYERS:  It is.

5        THE COURT:  Now going to subparagraph 2, if, after

6  receiving all relevant information, the Court rejects the

7  plea agreement and determines that a sentence different from

8  the agreed-0upon sentence of 19 to 29 months will be

9  imposed, you will have the right to withdraw the plea of

10  guilty and the terms of this agreement will become null and

11  void.

12        Likewise, if the Court rejects the plea agreement

13  and determines that the sentence should be less than 19

14  months, you understand that the United States will have the

15  right to move to vacate this agreement and all terms of the

16  agreement will become null and void.

17        Is that also your agreement, sir?

18        MR. SAYERS:  Yes.

19        THE COURT:  Very well.

20        Counsel, I don't intend to read anything else from

21  the agreement.  It appears that he has reviewed it

22  thoroughly with his attorney and understands it and agrees

23  to all of it, unless there is something that you want me to

24  specifically read into the record.

25        Counsel for the United States?

1              MS. HACKFORD-PEER:  Your Honor, I just would like

2      an acknowledgment that Mr. Sayers understands that he has

3      waived his right to appeal as part of this agreement and

4      also that restitution of approximately $10 million will be

5      awarded.

6              THE COURT:  I see that that is part of the

7      agreement which he said that he reviewed with his attorney

8      and understands that.

9              Do you understand what counsel has stated?

10             MR. SAYERS:  I do.  Yep, I do agree, Your Honor.

11             THE COURT:  That is your agreement.  Very well.

12     Thank you very much.

13             That is all that I intend to read.

14             MS. HACKFORD-PEER:  Your Honor, could we also get

15     a colloquy that Mr. Sayers is not under any duress or

16     medication or any condition that would not enable him to

17     enter his plea today?

18             THE COURT:  I think we have that covered on page 7

19     starting with, "You make the following representations to

20     the Court."  If that is not covered, you indicate that

21     further to the Court.  Will you, please.

22             MS. HACKFORD-PEER:  I think that covers most of

23     it.  Typically, we will hear that he is not on any

24     medication or under any --

25             THE COURT:  Number 1 through 9.  Is it 9?

1          Let me go through those, and if I haven't covered

2     it, then you bring it to the Court's attention.

3          MS. HACKFORD-PEER:  Thank you.

4          THE COURT:  Let's go to page 7 now, Mr. Sayers.

5          Towards the bottom of the page you make the

6     following representations to the Court:  Number 1, you are

7     59 years of age, and your education consists of some college

8     and you can read and understand English.

9          Is that correct?

10         MR. SAYERS:  It is.

11         THE COURT:  Now going to number 2, this statement

12    in advance contains all terms of the agreement between you

13    and the United States.  If there are exceptions, the Court

14    will be specifically advised on the record at the time of

15    your guilty plea of the additional terms.  You understand

16    that the United States and you cannot have terms of this

17    plea agreement that are not disclosed to the Court.

18         You understand that, sir?

19         MR. SAYERS:  I do.

20         THE COURT:  Now, numbers 3 through 9 are short

21    statements that I'm going to read one by one into the

22    record.  I will pause at the end of each reading, and I am

23    simply going to ask you when I pause if what I have read is

24    correct.

25         Do you understand?

1          MR. SAYERS:  I do.

2          THE COURT:  Let's start with number 3.

3          No one has made any threats, promises or

4    representations to you that have caused you to plead guilty,

5    other than the provisions set forth in this agreement.

6          Is that a correct statement?

7          MR. SAYERS:  It is correct.

8          THE COURT:  Number 4, neither your attorney nor

9    the United States has promised you that you would receive

10   probation or any other form of leniency because of your

11   plea.

12         Is that correct?

13         MR. SAYERS:  That is correct.

14         THE COURT:  Let's go to number 5.  You have

15   discussed this case and your plea with your lawyer as much

16   as you wish and you have no additional questions.

17         Is that correct?

18         MR. SAYERS:  That is correct.

19         THE COURT:  Number 6, you're satisfied with your

20   lawyer.

21         Is that correct?

22         MR. SAYERS:  Very much so.

23         THE COURT:  Number 7.  I'm going to read that in

24   two parts.

25         The first part is your decision to enter this plea

1  was made after full and careful thought with the advice of

2  counsel and with a full understanding of your rights and the

3  facts and circumstances of the case and the consequences of

4  the plea.

5          Is that correct?

6          MR. SAYERS:  That is correct.

7          THE COURT:  Then the second half of 7 is you were

8  not under the influence or any drug, medication or

9  intoxicants when you made the decision to enter the plea,

10  and you are not now under the influence of any drugs,

11  medication or intoxicants.

12          Is that correct?

13          MR. SAYERS:  That is correct.

14          THE COURT:  Number 8, you have no mental

15  reservations concerning the plea.

16          Is that correct?

17          MR. SAYERS:  That is correct.

18          THE COURT:  Finally, number 9, you understand and

19  agree to all of the above, and you know that you're free to

20  change or delete anything contained in this statement, and

21  you do not wish to make changes to this agreement because

22  you agree with the terms and all of the statements are

23  correct.

24          Is that correct?

25          MR. SAYERS:  That is correct.

```
 1              THE COURT:  Very well.

 2              Counsel, I think that covers everything.

 3              MS. HACKFORD-PEER:  You did, Your Honor.  Thank

 4    you.

 5              THE COURT:  Very well.  Thank you.

 6              Now, Mr. Sayers, I see on the copy that I have

 7    that it appears to have your signature under the date of

 8    June 10, 2024.

 9              Is this your signature?

10              MR. SAYERS:  Yes.

11              THE COURT:  And you signed it today?

12              MR. SAYERS:  I did.

13              THE COURT:  Very well.

14              Ms. Lewis, I am going to read into the record

15    verbatim your certification.

16              Ms. Nester, I am sorry.

17              MS. LEWIS:  She is not here right now.

18              THE COURT:  I am confused here.  Over here is

19    where I am at.

20              Ms. Lewis, I'm going to read now your

21    certification.

22              You certify that you have discussed this plea

23    agreement with the defendant and you have fully explained

24    his rights to him and you have assisted him in completing

25    this written agreement.  You believe that he is knowingly
```

```
 1    and voluntarily entering the plea with full acknowledge of

 2    his legal rights and that there is a factual basis for the

 3    plea.

 4              Is that your certification, Ms. Lewis?

 5              MS. LEWIS:  Yes, Your Honor.

 6              THE COURT:  I see your signature here under

 7    June 10th.  This is your signature signed today, correct?

 8              MS. LEWIS:  Yes.

 9              THE COURT:  Very well.

10              Now for the prosecution, Ms. Hackford-Peer, I'm

11    going to read your certification verbatim into the record.

12              You represent that all terms of the plea agreement

13    between the defendant and the United States have been or

14    will be at the plea hearing disclosed to the Court, and

15    there are no undisclosed agreements between the defendant

16    and the United States.

17              Is that your certification?

18              MS. HACKFORD-PEER:  That is, Your Honor.

19              THE COURT:  It appears to have your signature

20    under June 10, 2024.

21              Is that your signature?

22              MS. HACKFORD-PEER:  It is.

23              THE COURT:  You signed it today?

24              MS. HACKFORD-PEER:  I did.

25              THE COURT:  Thank you very much.
```

1          I will receive and accept this statement in

2    advance of plea.  I will make it a permanent part of this

3    important court record.

4          Mr. Sayers, I now have a copy of the indictment

5    before me and I am going to turn to Count III.  There is a

6    number of introductory background statements, the background

7    under Roman Numeral I and under Roman Number II, the scheme

8    and artifice to defraud; and under Roman Numeral III, object

9    of the scheme and artifice to defraud, and Roman Number IV,

10   manner and means of the scheme and artifice to defraud, and

11   those are all outlined as an introduction to Counts I

12   through III.

13         Now, you have had an opportunity to read that and

14   review those introductory statements with your attorney?

15         MR. SAYERS:  I have many times.

16         THE COURT:  And you understand them?

17         MR. SAYERS:  Yes.

18         THE COURT:  All right.  Very well.

19         I think that is all that I need to do, unless you

20   want me to read all of that verbatim, and I don't think I

21   need to.

22         MS. HACKFORD-PEER:  I just think we need the

23   formal taking of the plea.

24         THE COURT:  Yes.

25         I'm going to now go to Counts I through III.  All

1    right.

2          Number 19.  All of the factual allegations set

3    forth in this indictment are incorporated by reference and

4    re-alleged as though fully set forth herein.

5          Number 20, beginning in and around 2006 and

6    continuing to and around --

7          MS. HACKFORD-PEER:  Your Honor, he is just

8    pleading to Count III.

9          THE COURT:  Yes.  I see that on here.

10         MS. HACKFORD-PEER:  Okay.

11         THE COURT:  Let's continue.

12         Beginning in and around 2006 and continuing to and

13   around 2020, within the Central Division of the District of

14   Utah and elsewhere, Chad Leon Sayers, defendant herein,

15   willfully and knowingly, directly and indirectly, by the use

16   of means and instruments of interstate commerce, and of the

17   mails, and of the facilities of national securities

18   exchanges, used and employed manipulative and deceptive

19   devices and contrivances in connection with the offer and

20   sale of securities and attempted to do so by; one, employing

21   a device, scheme and artifice to defraud; two, making untrue

22   statements of material fact and omitting to state material

23   facts necessary in order to make the statements made in

24   light of the circumstances under which they were made not

25   misleading; and, three, engaging in acts, transactions,

1   practices, and courses of business which would operate and

2   did operate as a fraud and deceit upon other persons in

3   instances including, but not limited to, each count below.

4           Count III.  Date 11/27/2018, a $50,000 check

5   number 10523 from G.L.'s account at Security Bank in Odessa,

6   Texas, to Saygus's J.P. Morgan Chase Bank account number

7   XXX8982, all in violation of 15 U.S.C. Section 77q(a) and 15

8   U.S.C. Section 77x, securities fraud, and 18 U.S.C. Section

9   2, aid and abet.

10          To Count III, which I have read to you, Mr.

11   Sayers, what now is your plea?

12          MR. SAYERS:  Guilty as in the plea agreement, Your

13   Honor.

14          THE COURT:  Guilty as charged?

15          MR. SAYERS:  As charged in the plea agreement.

16          THE COURT:  Very well.

17          MS. HACKFORD-PEER:  I was just going to say, Your

18   Honor, that I don't think Mr. Sayers would agree with every

19   allegation we made in the indictment itself but that the

20   statement in advance of plea recognizes the facts of which

21   he is willing to plead to in Count III.

22          THE COURT:  I believe I have read to him the

23   material facts that pertain to Count III.

24          MS. HACKFORD-PEER:  You have, Your Honor.  I was

25   worried about some of the language in the allegations, but I

```
 1    believe that --

 2              MS. LEWIS:  I am sorry.  I didn't mean to talk

 3    over you.

 4              Yes, I believe that the facts as stated in here

 5    meet the elements of Count III and the facts in here are

 6    specifically what he is admitting guilt to.

 7              THE COURT:  Right.  He has entered a plea of --

 8              MR. SAYERS:  Guilty.

 9              THE COURT:  Very well.  Thank you.

10              I think that is all that I need to read from what

11    I have here before me, Counsel.  The Court will accept his

12    plea of guilty to Count III of the indictment, and the Court

13    will enter its finding that his plea is made freely and

14    voluntarily with full knowledge of his legal rights and that

15    there is a factual basis for the receipt of his plea.

16              I will now refer this matter to U.S. Probation for

17    a presentence investigation and report.  I will ask my

18    courtroom deputy to give us a date for sentencing.

19              THE CLERK:  Your Honor, we are asking for an

20    expedited sentencing in this case because there has already

21    been a presentence report done in the other case.

22              THE COURT:  We have a probation officer here, Glen

23    Manross, who is one of our outstanding probation officers.

24              Mr. Manross, do you have anything to say in this

25    matter?
```

```
 1                PROBATION OFFICER:  Your Honor, we're happy to do

 2    an expedited report, and we can have that done in a month,

 3    if you want to set it beyond a month.

 4                THE COURT:  Within a month, did you say?

 5                PROBATION OFFICER:  Yes, Your Honor.

 6                THE COURT:  A month out, then.

 7                THE CLERK:  Let's take a look.

 8                How about July 15th at 8:30?  Will that work?

 9                MS. LEWIS:  That works.

10                PROBATION OFFICER:  That is great.  Thank you.

11                THE COURT:  Good with you the United States?

12                MS. HACKFORD-PEER:  Yes.

13                THE COURT:  U.S. Probation?

14                MR. SAYERS:  That sounds good.

15                THE COURT:  Is that okay?,

16                MS. LEWIS:  Yes.

17                THE COURT:  Very well.

18                That will be the date.

19                I will ask you, Ms. Lewis, if he has not met Mr.

20    Manross, that you introduce him to Mr. Manross so that there

21    can be any additions or updates to the report previously

22    prepared and that that may be done so it is complete and

23    full and accurate so the Court gives what credit is due you,

24    Mr. Sayers.  I want you to cooperate fully in the

25    preparation of this report because it is important to the
```

1    Court to review whatever material is there regarding your

2    background and your history so that the Court may find

3    matters that you are entitled to have credit for.

4              Do you understand that, sir?

5              MR. SAYERS:  Yes, sir.  Thank you.

6              THE COURT:  Anything else, Counsel?

7              MS. LEWIS:  No.  Nothing from us, Your Honor.

8              THE COURT:  The United States?

9              MS. HACKFORD-PEER:  Nothing, Your Honor.

10             THE COURT:  Well, thank you very much, both of

11   you.  You have done a very important service for the Court

12   and for Mr. Sayers and for doing justice, which is our goal

13   always here in our courts.

14             Thank you very much, Mr. Sayers.  I will remand

15   you to the United States Marshals to be held pending

16   sentencing or further order of the Court.

17             MR. SAYERS:  Thank you, Your Honor.

18             THE COURT:  Marshals, thank you very much for your

19   great service.  I appreciate it.

20             Counsel, both sides, wonderful.  Thank you very

21   much.

22             MS. LEWIS:  Thank you, Judge.

23             (Proceedings concluded.)

24

25